IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Margaret McFadden Cromwell, | ) | Civil Action No.: 4:19-1049-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Margaret McFadden Cromwell's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

**BACKGROUND**

Plaintiff filed an application for DIB on April 9, 2012, alleging an onset date of April 10, 2010, which was amended to October 15, 2012. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on November 7, 2013. On February 24, 2014, the ALJ issued a

decision denying Plaintiff's claim.  The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff appealed to this Court, and the Court granted the Commissioner's motion to remand.

On April 17, 2017, the Appeals Council remanded the case to the ALJ with instructions.  On December 21, 2017, another hearing was held, but on February 15, 2018, the ALJ issued an unfavorable decision finding that the Plaintiff was not disabled within the meaning of the Act. Plaintiff filed a request for review, which the Appeals Council denied on February 6, 2019.  Plaintiff then filed this action on April 10, 2019.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall

be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final

decision regarding disability benefits is limited to determining whether the findings are

supported by substantial evidence and whether the correct law was applied." *Walls v.*

*Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a
> particular conclusion. It consists of more than a mere scintilla of evidence
> but may be somewhat less than a preponderance. If there is evidence to
> justify a refusal to direct a verdict were the case before a jury, then there is
> "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368

F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the

reviewing court should not "undertake to re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270

F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §

423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful
> employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to
> determine whether, based upon the medical evidence, the claimant has a
> severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is

sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of October 15, 2012, through her date last insured of December 31, 2012.  Next, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and obesity.  The ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) with additional limitations of occasional climbing of ladders, ropes, and scaffolds; occasional stooping, kneeling, crouching, and crawling; frequent climbing of ramps and stairs; and frequent

balancing. The ALJ found that Plaintiff is able to perform her past relevant work as a cook/cashier, and that this work did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. Accordingly, the ALJ found that Plaintiff was not under a disability at any time from October 15, 2012, through December 21, 2012.

## II.    This Court's Review

In this action, Plaintiff argues that the ALJ did not properly apply Acquiescence Ruling 00-1(4) when considering the prior final decision dated January 11, 2010, which decision covered the period of May 8, 2007, to January 11, 2010. Acquiescence Ruling 00-1(4) applies in cases where a claimant files a subsequent disability claim and provides: "where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period." AR 00-1(4). The Ruling provides that an adjudicator considering a subsequent disability claim filed by a claimant must consider a prior finding of the claimant's residual functional capacity or other finding required at a step in the sequential evaluation process and give it appropriate weight in light of all the relevant factors, including:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

> Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases. An adjudicator should give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, e.g., a few weeks as in *Lively*. An adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, e.g., where the relevant time period exceeds three years as in *Albright*. In determining the weight to be given such a prior finding, an adjudicator must consider all relevant facts and circumstances on a case-by-case basis.

*Id.*

As the Magistrate Judge explained, the prior final decision for the period of May 8, 2007, through January 11, 2010, contained the following RFC and step four findings:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours in an 8-hour workday. The claimant is capable of performing occasional chest level lifting and overhead reaching, except that she must avoid climbing, crawling, squatting, and twisting.
>
> . . .
>
> The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(ECF No. 28 at 8 (quoting Tr. 57, 59).) In the Report, the Magistrate Judge found no merit to Plaintiff's claim that the ALJ failed to comply with the Appeals Council's prior remand order. The Magsitrate Judge explained that the prior 2014 decision, which was remanded, involved past relevant work as a custodian, while the instant decision involves past relevant work as a cook/cashier.

Next, the Magistrate Judge determined that the ALJ recognized the appropriate law

and the factors when weighing the prior 2010 decision.  The Magistrate Judge found that

the ALJ provided sufficient explanation as to the two RFC findings at issue and expressly

relied on the passage of time and evidence in ths subsequent claim as a basis for making

different findings than the 2010 decision.  The Magistrate Judge summarized the evidence

discussed by the ALJ and found that the ALJ's review of the medical evidence of record,

including records both pre- and post-dating the relevant time period, demonstrates

compliance with AR 00-1(4) and *Albright v. Commissioner of the Social Security*

*Administration*, 174 F.3d 473 (4th Cir. 1999).  As such, the ALJ found that substantial

evidence supports the ALJ's decision.

In her objections to the Magistrate Judge's Report, Plaintiff specifically objects to the

Magistrate Judge's finding that the ALJ complied with AR 00-1(4).  Plaintiff asserts that the

ALJ in the instant decision failed to mention the fact that the prior decision specifically found

that Plaintiff was unable to perform past relevant work.  Plaintiff states that although the

instant decision reflects that the ALJ considered the prior decision's finding regarding

Plaintiff's RFC, "his decision is totally and completely devoid of any reference to the prior

finding that Plaintiff was incapable of performing any of her past relevant work, . . . ." (ECF

No. 30 at 3.)  Thus, Plaintiff asserts that the ALJ failed to comply with AR 00-1(4).

Next, Plaintiff objects to the Magistrate Judge's finding that substantial evidence

supports the ALJ's finding that she can peform her past relevant work as a cook/cashier.

Plaintiff notes that the ALJ in the prior decision and the ALJ in the instant decision both

found Plaintiff capable of performing light work with some additional limitations.  Plaintiff

notest aht the ALJ in the instant decision explained that he was not including in his decision

certain of the additional limitations from the 2010 due to generally benign physical

examinations in the medical evidence throughout 2011 and 2012, but Plaintiff asserts that the ALJ failed to explain how the differing limitations between the two decisions altered the outcome of the step four analysis permitting Plaintiff to perform her past relevant work as a cook/cashier. Plaintiff states, "thus the court is left to speculate whether it was the elimination of the squatting, twisting, chest level lifting, or overhead reaching that would allow Plaintiff to engage in an occupation that she was previously found to be incapable of performing." (*Id.* at 4-5.)

After a thorough review of Plaintiff's objections and the record as a whole, the Court is not convinced by Plaintiff's arguments. First, the Court agrees with the Magistrate Judge that

the ALJ considered the prior decision from 2010 in accordance with AR 00-1(4). As the Magistrate Judge explained, the ALJ specifically acknowledged the applicable law, including the appropriate factors for consideration, and provided ample reasons to explain the weight given to the findings from the 2010 decision and to support the subsequent findings as to Plaintiff's RFC. Next, with regard to Plaintiff's assertion that the ALJ failed to specifically acknowledge the fact that the 2010 decision found her unable to perform any of her past relevant work, as the Magistrate Judge properly explained, pursuant to the sequential evaluation steps, any change in a subsequent RFC finding can result in changes at later steps. Here, after summarizing the medical evidence supporting his findings as to Plaintiff's RFC, the ALJ ALJ specifically explained that Plaintiff's "work report and testimony show that her work as a cook/cashier at Burger Kind was performed at not greater than a light residual functional capacity," and that additional hearing testimony indicated that the cook/cashier job did not lift anything heavier than 10 pounds. In all, the Court finds that the

ALJ complied with AR 00-1(4) and *Albright*, and the Court finds no merit to Plaintiff's objections.  Ultimately, it is not this Court's responsibility to reweigh the evidence or to substitute its judgment for that of the Commissioner, and for the reasons set forth by the Magistrate Judge and the reasons set forth herein, the Court finds that substantial evidence supports the Commissioner's decision in this matter.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 28) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 30) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 17, 2020
Charleston, South Carolina